STATE OF WEST VIRGINIA

**FILED**
March 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RANDA L. ROHRBAUGH,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0853**  (BOR Appeal No. 2046818)
(Claim No. 2010126249)

**AMERICAN WOODMARK CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randa L. Rohrbaugh, by Robert Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. American Woodmark Corporation, by Marion Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 21, 2012, in which the Board affirmed a December 21, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 12, 2010, decision closing Ms. Rohrbaugh's claim for temporary total disability benefits and also affirmed the claims administrator's December 10, 2010, January 19, 2011, and August 31, 2011, decisions denying Ms. Rohrbaugh's requests for medical benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Rohrbaugh was injured on February 15, 2010, while reaching for and pulling components utilized in the construction of cabinetry. The claim was held compensable for other sprain/strain, sprain/strain of the thoracic region, herniated cervical intervertebral disc, and cervical post-laminectomy syndrome. Additionally, a thoracic spine MRI performed after the compensable injury revealed disc herniations at multiple levels. On October 12, 2010, the claims

administrator closed Ms. Rohrbaugh's claim for temporary total disability benefits due to noncompliance with her physical therapy plan. On December 10, 2010, the claims administrator denied Ms. Rohrbaugh's request for authorization for a somatosensory evoked potentials (SSEP) test. On January 19, 2011, the claims administrator again denied Ms. Rohrbaugh's request for authorization for SSEP testing. On January 25, 2011, Rakesh Wahi, M.D., performed an independent medical evaluation and found that Ms. Rohrbaugh was at maximum medical improvement and required no further diagnostic studies. On August 31, 2011, the claims administrator denied Ms. Rohrbaugh's request for authorization for a pain clinic consultation. In its Order affirming the claims administrator's decisions, the Office of Judges held that Ms. Rohrbaugh is not entitled to temporary total disability benefits after October 12, 2010, due to noncompliance with her treatment plan, and also held that SSEP testing and a pain clinic consultation are not medically related or reasonably required for treatment of the February 15, 2010, injury.

West Virginia Code § 23-4-7a(i) (2005) states: "The commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, may suspend benefits being paid to a claimant if the claimant refuses, without good cause, to undergo the examinations or needed treatments provided for in this section until the claimant submits to the examination or needed treatments." The Office of Judges found that the evidence of record indicates that Mr. Rohrbaugh attended her approved physical therapy program sporadically between September 7, 2010, and October 18, 2010, and has failed to show good cause for her physical therapy absences. As noted by the Office of Judges, the claim was properly closed for temporary total disability benefits pursuant to West Virginia Code § 23-4-7a(i) as a result of Ms. Rohrbaugh's noncompliance with her physical therapy treatment plan.

Further, the Office of Judges found that Ms. Rohrbaugh's requests for medical benefits are unrelated to her compensable injuries. The Office of Judges noted that Ms. Rohrbaugh's treating physician is of the opinion that the SSEP testing is necessitated by the herniated discs in the thoracic spine, which he in turn believes are directly related to the February 15, 2010, injury. However, as was noted by the StreetSelect Grievance Board, the herniated discs in the thoracic spine have not been added as compensable components of the claim and, in fact, their compensability has been specifically denied. Finally, as was noted by the StreetSelect Grievance Board and by Rebecca Thaxton, M.D., during a records review, Ms. Rohrbaugh has requested a pain clinic consultation in connection with the diagnoses of multilevel lumbar and thoracic disc diseases, neither of which are compensable components of the claim. The Board of Review reached the same reasoned conclusions in its decision of June 21, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

2

Affirmed.

**ISSUED:   March 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum